```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WEST JEFFERSON PROPERTIES,                    CIVIL ACTION
LLC

VERSUS                                        NO: 10-2780


WEST JEFFERSON LEVEE                          SECTION: J(5)
DISTRICT ET AL.
```

### ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Sever, Motion to Dismiss, and Motion to Remand (Rec. Doc. 9)**; Third-Party Defendant's **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 17)**; and Defendant's **Motion to Remand (Rec. Doc. 18)**. Also before the Court are Defendant's **Opposition to Plaintiff's Motions to Sever and Dismiss (Rec. Doc. 19)**; Plaintiff's **Reply to Defendant's Opposition to Plaintiffs' Motions (Rec. Doc. 24)**; and Third-Party Defendant's **Response to Defendant's Motion to Remand (Rec. Doc. 25)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

These motions arise out of a lawsuit filed by Plaintiff West Jefferson Properties, L.L.C. against Defendants West Jefferson Levee District ("WJLD" or "Defendant") and State of Louisiana Department of Transportation and Development ("LADOTD"). Plaintiff's action, though originally filed in state court in the 24th Judicial District Court, Jefferson Parish, was removed to this Court pursuant to a Notice of Removal filed by Third-Party

Defendant United States Army Corps of Engineers (the "Corps") on August 19, 2010 (Rec. Doc. 1).

Plaintiff has asserted claims against WJLD and LADOTD for just compensation under Louisiana Constitution Article I, section 4, arising out of the alleged commandeering of Plaintiff's property.  According to Plaintiff, Plaintiff's property was commandeered for use by the State following Hurricane Katrina pursuant to the Governor's emergency powers under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:721, et seq.  Plaintiff states that it has been more than twelve (12) months since the taking of Plaintiff's properties, yet Plaintiff has failed to receive compensation, nor has any legal proceeding been filed to expropriate the property.  Defendant WJLD has asserted a third-party indemnity claim against the Corps, seeking reimbursement from the Corps for all judgments against WJLD arising from Plaintiff's claims.  The Corps has removed the case to this Court.

## DISCUSSION

The parties all agree that the first party claims should be remanded to state court.  In support of this contention, we find the Plaintiff and the Corps' reasoning most persuasive.  Both the Plaintiff and the Corps argue that the third-party demand against the Corps provided the sole basis for removal to this Court and that this Court lacks subject matter jurisdiction over the third-

party claims under 28 U.S.C. §§ 1346(a)(2) ("Little Tucker Act"), 1491(a)(1) ("Tucker Act").  Consequently, the Plaintiff and Corps argue, the third-party claims cannot be used to maintain jurisdiction over the first party claims and, because there is no other basis for federal jurisdiction over the first party claims, those claims should be remanded to state court.

Under the Little Tucker Act, federal district courts lack jurisdiction over actions not sounding in tort in which the plaintiff seeks more than $10,000.  28 U.S.C. §§ 1346(a)(2).  Furthermore, the district court does not have jurisdiction over claims against the United States that sound in contract.  ("[T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States").  Instead, under the Tucker Act, jurisdiction for contractual claims against the United States is bestowed on the Court of Federal Claims.  ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States.").  Here, Defendant's third-party demand against the Corps is predicated upon a contract known as the Second Amendment to a Local Cooperation Agreement ("Amended LCA").  Furthermore, Defendant claims that the Corps is liable to it for *any* funds that the Defendant may be required to expend in satisfaction of a

judgment against the Defendant in favor of Plaintiff.  Plaintiff has asserted claims against Defendants valued in excess of $10,000.  (see Rec. Doc. 1.)  Therefore, Defendant's Third Party Demand seeks in excess of $10,000 from the Corps.  As such, the third-party claims cannot serve as the basis of this Court's jurisdiction over the first-party claims.

The issue that remains, then, is how to dispose of the third-party claims against the Corps.  The Corps argues that the claims against it should be dismissed for lack of ripeness. The Defendant argues that its claims against the Corps arise under state law and that, without a positive showing by the Corps of a defense grounded in federal law, the Court lacks jurisdiction over the third-party claims and therefore should remand all claims to state court.

The Corps argues that the third-party claim must be transferred to a court of competent jurisdiction and that the absence of ripeness serves as a bar to such a transferral.  A district court, having found that it lacks subject matter jurisdiction, must either dismiss the claim or transfer the claim to a court of competent jurisdiction.  See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818 (1988).  Furthermore, the absence of ripeness serves as jurisdictional bar in the Court of Federal Claims.  See Morris v. United States, 392 F.3d 1372, 1375 (Fed. Cir. 2004) (noting that the Court of

4

Federal Claims "does not have jurisdiction over claims that are not ripe"); Heck v. United States, 37 Fed. Cl. 245, 256 n.9 ("Case law instructs that, unless a claim is ripe, a court lacks jurisdiction to hear it.").

The Corps argues that where the claim is one for indemnity, it is not ripe until the indemnitee has sustained actual liability.  The Fifth Circuit Court of Appeals set out the prevailing standards for determining whether a claim is ripe in New Orleans Public Service, Inc. v. Council of New Orleans, 833 F.2d 583 (5th Cir.1987).  In that case, the Fifth Court stated that:

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical. The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1153 (5th Cir.1993) (quoting New Orleans Public Service, Inc. v. Council of New Orleans, 833 F.2d 583, 586-87 (5th Cir.1987)).

"Thus, the ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." Chevron, 987 F.2d at 1153.  "Indemnity disputes ordinarily are not ripe until the underlying obligation is determined." Ace American Ins. Co. v. Huntsman Corp., 255 F.R.D. 179, 209 (S.D. Tex. 2008) (citing Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003)).  "In the

5

usual indemnity situation, the indemnitor is liable to the indemnitee only after a judgment has been entered against it, and until that has occurred, no responsibility exists." 42 C.J.S. Indemnity § 25 (2010).

Here, there has been no judgment issued on the claims between the Plaintiff and the Defendant. Defendant's claim against the Corps is for prospective relief only - the Corps' possible liability is only triggered if and when the Defendant is found liable. Here, judicial economy favors dismissal of the third-party claims because to do otherwise would be to waste judicial resources on the adjudication of an issue that might never be relevant to the dispute between Plaintiff and Defendant. Moreover, the hardship that would occur to the Defendant in having to litigate the indemnity issue separately is mitigated by the hardship spared the Plaintiff and the Corps in avoiding unnecessary litigation.

Accordingly, **IT IS ORDERED** that the Motions to Remand are **GRANTED** insofar as they seek remand for the first-party claims. Additionally, the Third-Party Defendant's Motion to Dismiss and the Plaintiff's Motion to Dismiss are **GRANTED.** The Plaintiff's Motion to Sever is **DENIED** as moot and the Defendant's Motion to Remand is **DENIED** insofar as it seeks remand of the third-party claim.

New Orleans, Louisiana, this  22nd  day of October , 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE